UNITED STATES of America, Appellee,

v.

**Francis CUNNINGHAM, also known as Richard Smith, also known as Willie Williams, Defendant–Appellant.**

**Docket No. 01–1252.**

United States Court of Appeals, Second Circuit.

Argued: April 10, 2002.

Decided: May 29, 2002.

Barbara E. O'Connor, Assistant Federal Public Defender, Burlington, VT, for Defendant–Appellant.

Paul J. Van De Graaf, Acting U.S. Attorney District of Vermont, Burlington, VT, for Appellee.

Before McLAUGHLIN, POOLER and B.D. PARKER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Defendant appeals from the district court's sentence of time served and two years' supervised release. The Government moves to dismiss the appeal claiming that Cunningham waived his right to appeal. For the reasons set forth below, we deny the Government's motion and affirm the sentence imposed by the district court.

## BACKGROUND

In May 2000, Francis Cunningham was indicted in the United States District Court for the District of Vermont (Sessions, *J.*) for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1344. Specifically, Cunningham was charged with attempting to engage in a "split deposit" check-cashing scheme in Vermont. Seven months later, Cunningham pled guilty to the conspiracy charge pursuant to a written plea agreement.

The plea agreement specified that the maximum punishment for the conspiracy violation was "not more than 5 years of imprisonment" and "not more than a three (3) year period of supervised release, pursuant to 18 U.S.C. § 3583(b)(2)." In paragraph 7(c) of the plea agreement, the Government agreed to "recommend to the sentencing Court that [Cunningham] be sentenced to a term of imprisonment of time served." At the time of sentencing, Cunningham had been in custody for approximately 11½ months.

In exchange, Cunningham agreed, in paragraph 8 of the agreement, "not to file an appeal or otherwise challenge his conviction or sentence in the event that the Court imposes the sentence specified in paragraph 7(c)." The plea agreement did not address the issue of supervised release, either in the recommendation provision (paragraph 7(c)) or the appeal-waiver provision (paragraph 8).

At sentencing, the district court found that Cunningham was subject to a term of imprisonment between 10 and 16 months under the United States Sentencing Guidelines (the "Guidelines"). The district court then imposed a sentence of time served (11½ months' imprisonment) to be followed by two years' supervised release.

While Cunningham does not object to the imposition of a term of supervised release, he argues that his personal Guideline range, rather than the prescribed statutory maximum, should determine the letter grade of his offense and thus control the length of supervised release. Under Cunningham's analysis, he would receive a maximum of one year of supervised release. The district court disagreed and ordered two years' supervised release.

Cunningham now appeals, renewing his contention that he should be subject only to one year of supervised release. In response, the Government moves to dismiss Cunningham's appeal, pointing to the written waiver of his right to appeal.

## DISCUSSION

### I. *Waiver of appeal*

█ It is well established in this Circuit that a knowing and voluntary waiver of the right to appeal is enforceable. *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir.2001). However, we "scrutinize" claimed waivers of appellate rights "closely and apply them narrowly." *United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996). Furthermore, aware of the Government's advantage in bargaining power and recognizing that the Government usually drafts plea agreements, we construe such agreements "strictly against the Government." *Id.* at 559. We conclude that a plain reading of Cunningham's plea agreement demonstrates that he did not waive his right to appeal the length of the supervised release term.

█ As stated above, in paragraph 7(c) of the plea agreement, the Government agreed to recommend that Cunningham be sentenced to time served. No mention was made of supervised release. In return, Cunningham agreed not to appeal his sentence if the court imposed the sentence specified in 7(c). However, Cunningham was not sentenced solely to the sentence specified in 7(c)—time served. Instead, he was sentenced to time served *and* two years' supervised release. Applying this agreement "narrowly" and construing it "strictly against the Government," we cannot say Cunningham waived his right to appeal the length of his term of supervised release.

The Government asserts that because Cunningham could not appeal the imprisonment feature of his sentence—his sentence of time served had already been completed—the waiver provision must be read more expansively as a blanket agreement by Cunningham not to contest anything concerning his sentence. This argument is unpersuasive. As we have noted before, "[i]f the Government wished to negotiate for a broader waiver, it was certainly entitled to do so." *Hernandez,* 242 F.3d at 113. However, the Government did not draft a broader waiver and it is therefore bound by the language contained in the agreement it drafted. The appeal lies.

### II. *Supervised Release*

█ We review a district court's application of the United States Sentencing Guidelines *de novo. United States v. Feola,* 275 F.3d 216, 218 (2d Cir.2001).

Under the Guidelines, a district court "shall order a term of supervised release to follow imprisonment when a sentence of more than one year is imposed, or when required by statute." U.S.S.G. § 5D1.1(a) (2001). In all other cases, a district court "may order a term of supervised release." U.S.S.G. § 5D1.1(b) (2001). Here, Cunningham was not sentenced to more than one year, nor was a term of supervised release required by statute. Consequently, the district court had discretion (but

was not required) to impose supervised release.

If a district court decides to impose a term of supervised release, "the length of the term shall be: ... (2) at least two years but not more than three years for a defendant convicted of a Class C or D felony; (3) one year for a defendant convicted of a Class E felony or a Class A misdemeanor." U.S.S.G. § 5D1.2(a) (2001). Cunningham argues that based on this Guideline, the district court could impose a maximum of only one year of supervised release.

■ The issue before us is what letter grade should be assigned to Cunningham's offense. Neither 18 U.S.C. §§ 371 nor 1344 carries a letter grade and the Guidelines provide no guidance regarding offense classification. However, 18 U.S.C § 3559 states:

> (a) Classification.—An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is—...
>
> (4) less than ten years but five or more years, as a Class D felony;
>
> (5) less than five years but more than one year, as a Class E felony;
>
> (6) one year or less but more than six months, as a Class A misdemeanor.

18 U.S.C. § 3559.

Cunningham argues that under 18 U.S.C. § 3559, his *Guideline* range, rather than the offense's *statutory* maximum, should govern offense classification. Since § 3559 obviously classifies offenses by the "maximum term of imprisonment authorized," Cunningham argues that the phrase "maximum term of imprisonment" refers to the Guideline range, not the offense's statutory maximum term. Hence, because Cunningham was only sentenced to 11½ months' imprisonment (a Class A misdemeanor under his logic),[1] he argues that only one year of supervised release should have been imposed.

This argument is wholly without support. We think a plain reading of § 3559 demonstrates that the maximum term of imprisonment authorized refers to the statutory maximum for the offense and not a defendant's personal Guideline range.

Sub-sections (a) and (b) of § 3559 should be read consistently. *See Nat'l Credit Union Admin. v. First Nat'l Bank and Trust Co.*, 522 U.S. 479, 501, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998) (highlighting the "established canon of construction that similar language contained within the same section of a statute must be accorded a consistent meaning.") 18 U.S.C. § 3559(b) states that the classification scheme in § 3559(a) does not affect the "maximum term of imprisonment" because that remains the term "authorized by the law describing the offense." Thus, the "maximum term of imprisonment" for 3559(b), and by extension 3559(a), is clearly the statutory maximum for the offense. The maximum sentence authorized by 18 U.S.C. § 371, the law "describing the offense" of conspiracy, is five years' imprisonment. Therefore, conspiracy is a Class D felony and the district court's imposition

---

**1.** In his brief, Cunningham uses the term "Guideline range" when he seems to mean the sentence he received within that range (11½ months). For the purpose of his appeal, this mix-up makes no difference, as the former (depending on where the sentence fell between 10 and 16 months) could be at most a Class E felony for classification purposes and the latter would be a Class A misdemeanor for classification purposes. Class A misdemeanors and Class E felonies are treated the same for purposes of determining the length of supervised release. *See* U.S.S.G. § 5D1.2. Thus, Cunningham's argument is not affected by whether he means the Guideline range or the actual sentence imposed.

of two years' supervised release was permissible under § 5D1.2 of the Guidelines.

Under Cunningham's interpretation, an offense could not be assigned a letter grade until sentencing was complete. Furthermore, the letter grade of specific offenses would vary from defendant to defendant, depending on each individual's criminal history and the circumstances surrounding the commission of the offense. Cunningham provides no reason why this Court should accept the unprecedented claim that an offense's classification turns on a defendant's applicable Guideline range.

## CONCLUSION

The Government's motion to dismiss this appeal is denied. The sentence imposed is hereby AFFIRMED.