**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 5, 2005
Decided April 6, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4343

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 99-30048 |
| CRAIG A. ACRES, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

While serving a five-year term of supervised release for bank fraud, 18 U.S.C. § 1344, Craig Acres tested positive for and admitted to using cocaine. The district court consequently revoked his supervised release and imposed a 21-month term of imprisonment. Acres filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Acres was notified that he could respond to the *Anders* brief, but he did not do so. Because counsel's brief is facially adequate, we review only the potential issues it identifies. *See United States v. Johnson*, 248 F.3d 655, 667–68 (7th Cir. 2001).

In March 2004, four years into his five-year term of supervised release, Acres tested positive for cocaine, and later admitted his use to his probation officer. Over

the next seven months, Acres failed on several occasions to submit urine samples, and on several other occasions failed to participate in his mandated drug-dependence treatment. After Acres again tested positive in October 2004, his probation officer petitioned the court to revoke his supervised release.

Acres admitted to the charges against him. Because the most serious of those charges—possession of a controlled substance— is punishable in Illinois by a term of imprisonment exceeding one year, *see* 720 ILCS 570/402(c); 730 ILCS 5/5-8-1(a)(7), the court found that Acres had committed a Grade B violation, *see* U.S.S.G. § 7B1.1(a)(2). With a criminal history category of VI, Acres was subject to a recommended sentencing range of 21–27 months. *See* U.S.S.G. § 7B1.4(a). The court, acknowledging that it was not bound by this recommendation, decided to impose a sentence of 21 months.

Counsel first considers a possible challenge to the way in which the district court calculated the recommended sentencing range. As counsel notes, although Acres was charged with possessing a controlled substance, he was not specifically charged with doing so in violation of Illinois law. Acres therefore asked the court to treat his offense not as a felony violation of state law, but rather as a misdemeanor violation of federal law, *see* 21 U.S.C. § 844(a), and thus as a Grade C violation carrying a recommended sentencing range of 8–14 months. Counsel now asks whether Acres could argue that the court erred by denying this request and treating his offense as a Grade B violation.

In reviewing a supervised-release revocation, we will disturb the court's factual findings and discretionary decisions only if they are "plainly unreasonable." *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004); *cf. United States v. Fleming*, 397 F.3d 95, 99 & n.5 (2d Cir. 2005) (holding that the "plainly unreasonable" standard of review in supervised-release cases is superseded by the "reasonableness" standard of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005)). Given that Acres (an Illinois resident) did not deny that he was in Illinois when he used cocaine, it would be frivolous to argue that it was unreasonable for the court to treat his offense as a violation of Illinois law and to sentence him accordingly.

Counsel also considers a challenge to the court's classification of Acres' original offense, which in turn defines the maximum sentence that can be imposed upon revocation of supervised release. Bank fraud is punishable by up to 30 years' imprisonment, *see* 18 U.S.C. § 1344, and is thus considered a Class B felony, *see* 18 U.S.C. § 3559(a)(2), exposing Acres to a maximum revocation sentence of three years, *see* 18 U.S.C. § 3583(e)(3). Counsel asks whether Acres could argue that the classification of his offense under § 3559 should have been determined not by the

maximum sentence authorized by the bank fraud statute (30 years), but by the maximum authorized under the Sentencing Guidelines at the time of Acres' original sentencing (18 months)—which would make it a Class E felony, authorizing a revocation sentence of no more than a year. Counsel correctly notes that there is no precedent for such an interpretation of § 3559, which has been flatly rejected by at least one federal appellate court, *see United States v. Cunningham*, 292 F.3d 115, 118–19 (2d Cir. 2002), and we agree with counsel that it would be frivolous to proceed with such an argument in this case.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.