United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-40327
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL ALFARO-HERNANDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before GARZA, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Appellant Angel Alfaro-Hernandez ("Alfaro") pled guilty to transportation of an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). He was sentenced to 25 months imprisonment and three years of supervised release. Two years into his supervised release, the district court found that he had violated the terms of the release through (1) unauthorized use of a motor vehicle, (2) assault, and (3) illegal re-entry and failure to report immediately. As a result, the district court revoked Alfaro's supervised release and sentenced him to 24 months imprisonment pursuant to 18 U.S.C. § 3583. Alfaro argues

1

for the first time on appeal that the 24-month sentence exceeds the statutory maximum authorized by 18 U.S.C. § 3583 upon revocation of supervised release when the underlying offense is a Class E felony, as he claims his offense is. Alfaro contends that the felony classification of his underlying crime is determined by the 25-month sentence he received for violating § 1324. The Government responds that Alfaro's sentence for revocation of supervised release did not exceed the statutory maximum because Alfaro's underlying offense is a Class D felony, for which § 3583 authorizes two years of imprisonment upon revocation of supervised release. We find that the district judge was correct in sentencing Alfaro to 24 months under 18 U.S.C. § 3583 and accordingly AFFIRM.

Because Alfaro's argument requires us to interpret 18 U.S.C. § 3583(e)(3) and 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii), we review the district court's action de novo and must determine whether it committed plain error. See United States v. Lankford, 196 F.3d 563, 578 (5th Cir. 1999). After de novo review of the statute, the plain error standard is necessarily satisfied where the district court imposed a sentence in excess of the statutory maximum. Id.

The issue in this case is whether or not the felony classification of Alfaro's underlying offense is determined by the Guidelines range as calculated by the district court or established by statute. Under § 3583(e)(3), a district court can

impose a sentence of no more than 2 years upon revocation of supervised release for a Class C or D felony and no more than 1 year in any other case. The statutes under which Alfaro was convicted, 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii) do not specify the felony class. The sentencing classifications for offenses that do not specify their class within their respective statutes are found in 18 U.S.C. § 3559. That statute plainly states:

> An offense that is not specifically classified by a letter grade <u>in the section defining it</u>, is classified if the maximum term of imprisonment authorized is . . .
>     (4) less than 10 years but five or more years, as a Class D felony;
>     (5) less than five years but more than one year, as a Class E felony[.]

18 U.S.C. § 3559(a) (emphasis added). The plain language of the statute indicates that the maximum term of imprisonment is gleaned from <u>the section defining the offense</u>, not from the maximum Guidelines sentence as calculated by the district court and applicable to the defendant, as Alfaro argues.[1] Offenses for

---

[1] Moreover, § 3559(b) adds that "an offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that, <u>the maximum term of imprisonment is the term authorized by the law describing the offense</u>." 18 U.S.C. § 3559(b) (emphasis added). Reading § 3559(b) in conjunction with § 3559(a), Congress clearly intended the maximum term of imprisonment, for purposes of determining an offense's class, to be "the term authorized by law describing the offense." See <u>United States v. Cunningham</u>, 292 F.3d 115, 118 (2d Cir. 2002) (citing <u>Nat'l Credit Union Admin. v. First Nat'l Bank and Trust Co.</u>, 522 U.S. 479, 501 (1998) (recognizing the "established canon of construction that similar language contained within the same section of a statute must be accorded a consistent meaning").

3

which the "maximum term of imprisonment authorized" are less than 10 years but five or more years are Class D felonies, while offenses for which the "maximum term of imprisonment authorized" is less than five years but more than one year are Class E felonies.

Alfaro's sentence does not exceed the statutory maximum. Under 8 U.S.C. § 1324, a sentence of 5 years is authorized for Alfaro's offense; thus, under § 3559(a), his offense is a Class D felony. For a Class D felony, § 3583 authorizes a sentence of no more than 2 years upon revocation of supervised release. The district court sentenced Alfaro to 24 months, within the statutorily acceptable range. AFFIRMED.

---

Alfaro's argument that § 3559(b) is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005), holds no merit as his case does not concern the issues involved in Booker at all; Alfaro is not complaining that he was sentenced under a mandatory Guidelines scheme based on facts not found by a jury or admitted by him. Moreover, as we noted in United States v. Hinson, sentences imposed upon revocation of supervised release do not implicate Booker because the Guideline's policy statements applicable to sentencing upon revocation of supervised release have always been advisory[,]" and Alfaro "faced the same maximum sentence upon revocation of supervised release both before and after Booker." 429 F.3d 114, 119 (5th Cir. 2005).