**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 18, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40261
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICHARD WALTER,

                              Defendant-Appellant.


(Consolidated with)


---

No. 05-40263
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICHARD DOLLAN WATLER,

                              Defendant-Appellant.


--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-591-ALL
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 2000, Richard Dollan Watler (Walter)[**] was convicted of possessing with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), and was sentenced to 18 months in prison and three years of supervised release. In October 2004, Walter pleaded guilty to illegal reentry. The court sentenced Walter to 57 months in prison, three years of supervised release, and a $100 special assessment. The court also found that Walter had violated the terms of his supervised release in his drug case and sentenced him on revocation thereof to the maximum sentence available, 24 months in prison, to run consecutively to the 57-month sentence that was imposed for his illegal reentry conviction.

Walter argues, relying on United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), that his sentence upon revocation of supervised release exceeds the statutory maximum sentence permitted by 18 U.S.C. § 3583. He challenges the court's classification of his original offense, which in turn

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] In case No. 05-40263, the defendant appealed under the name Richard Dollan Watler. In case No. 05-40261, he appealed under the name Richard Walter. The defendant avers that his correct name is Walter, not Watler.

defines the maximum sentence that can be imposed upon revocation of supervised release. Walter argues that the maximum term of imprisonment authorized under 18 U.S.C. § 3559(a) refers to the maximum sentence authorized under the Sentencing Guidelines, not the maximum sentence authorized by the underlying statute of conviction.

The maximum term of imprisonment under the statute of conviction determines the classification of a defendant's offense. United States v. Alfaro-Hernandez, 453 F.3d 280, 282 (5th Cir. 2006). Walter's sentence on supervised release does not exceed the statutory maximum sentence under § 3583.

Walter also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. His challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Walter contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

The judgment of the district court is AFFIRMED.