United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-11101
Conference Calendar

————————————

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ORLANDO DEMETRIUS WHEAT,

                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-161-ALL-A
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     In 2000, Orlando Demetrius Wheat was convicted pursuant to a
guilty plea of being a prohibited person in possession of a
firearm.  He was sentenced to 27 months of imprisonment and three
years of supervised release.  Wheat appeals the sentence imposed
following the revocation of his supervised release.

     Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely
v. Washington, 542 U.S. 296 (2004), and United States v. Booker,
543 U.S. 220 (2005), Wheat complains that the 27-month term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment imposed for his conviction and the 14-month term of imprisonment imposed for his violation of supervised release exceeded in the aggregate the 33-month total term of imprisonment allowed under the United States Sentencing Guidelines for his initial conviction based on the facts alleged in his indictment and admitted by him. Wheat argues as a result that the district court was authorized to impose no more than a six-month term of imprisonment upon revocation of his supervised release unless the facts pertaining to his release violations were alleged in an indictment and found by a jury beyond a reasonable doubt. Wheat contends that the alleged Booker violation in his case cannot be cured by application of Booker's remedial advisory guidelines system because his initial sentence is final and because it would violate due process and ex post facto laws. Wheat's arguments lack merit. See United States v. Alfaro-Hernandez, 453 F.3d 280, 281-82 (5th Cir. 2006); United States v. Hinson, 429 F.3d 114, 116-19 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

The 14-month term of imprisonment imposed upon revocation of Wheat's supervised release did not exceed the statutory maximum term of imprisonment that the district court could have imposed. See 18 U.S.C. § 3583(e)(3). Accordingly, Wheat's sentence upon revocation was neither "unreasonable" nor "plainly unreasonable." See Hinson, 429 F.3d at 120.

AFFIRMED.