United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20598
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY JOE BURNS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-185-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Billy Joe Burns was convicted of possession with intent to distribute less than 50 kilograms of marijuana; he was sentenced to 27 months of imprisonment and three years of supervised release. Burns now appeals the two-year term of imprisonment imposed following the revocation of his term of supervised release. He argues that the sentence imposed exceeds the maximum allowed by statute.

At issue is whether the felony classification of the underlying offense, which ultimately determines the maximum term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment upon revocation of supervised release, is determined by the Guidelines range calculated by the district court for the underlying offense or by the statute. We recently held that the appropriate classification is determined by the statutory section defining the offense. See United States v. Alfaro-Hernandez, 453 F.3d 280, 282 (5th Cir. 2006).

Burns was convicted of possession with intent to distribute less than 50 kilograms of marijuana, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Section 841(b)(1)(D) provides that, for cases involving less than 50 kilograms of marijuana, the defendant shall "be sentenced to a term of imprisonment of not more than 5 years." An offense having a maximum term of imprisonment of "less than ten years but five or more years" is a "Class D" felony. 18 U.S.C. § 3559(a)(4). For Class D felonies, the maximum term of imprisonment upon revocation of supervised release is two years. 18 U.S.C. § 3583(e)(3). Burns was sentenced to a term of imprisonment of 24 months, which is "within the statutorily acceptable range." Alfaro-Hernandez, 453 F.3d at 282.

AFFIRMED.