

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# USA v. Lovett

Precedential or Non-Precedential: Precedential

Docket No. 05-4171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lovett" (2006). *2006 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>PRECEDENTIAL</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-4171

UNITED STATES OF AMERICA

v.

BRIAN T. LOVETT, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.:  04-CR-32
District Judge: The Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2006

Before: SMITH, FISHER, and COWEN*, Circuit Judges*

(Filed: November 6, 2006)

Karen S. Gerlach
Office of Federal Public Defender
1001 Liberty Avenue

1450 Liberty Center
Pittsburgh, PA 15222
        *Counsel for Appellant*

Laura S. Irwin
Kelly R. Labby
Office of United States Attorney
700 Grant Street
Suite 400
Pittsburgh, PA 15219
        *Counsel for Appellee*

---

OPINION

---

SMITH, *Circuit Judge*.

Brian T. Lovett, Jr. pleaded guilty on March 24, 2005, to making a false statement to a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6), an offense subject to a maximum term of imprisonment of ten years and a maximum of three years of supervised release. *See* 18 U.S.C. § 924(a)(2). Prior to sentencing, Lovett challenged, *inter alia*, the pre-sentence report (PSR) statement that his offense was a Class C felony subject to a three year term of supervised release under 18 U.S.C. § 3583(b)(2). In a memorandum, the United States District Court for the Western District of Pennsylvania initially sustained Lovett's objection, stating that Lovett's offense of

conviction exposed him to a term of supervised release of no more than one year. The District Court amended its memorandum shortly thereafter, reversing itself and clarifying that the statutory maximum term of supervised release was in fact three years under 18 U.S.C. §§ 922(a)(6), 924(a)(2), 3559(a)(3), and 3583(b)(2). The Court sentenced Lovett to a 16 month term of imprisonment and a three year period of supervised release. This timely appeal followed.[1]

Lovett challenges only the imposition of a three year period of supervised release. Lovett acknowledges that 18 U.S.C. § 3559(a) determines the letter classification of his criminal offense based on the "maximum term or imprisonment authorized . . . ." He also agrees that the letter classification governs the maximum term of supervised release under 18 U.S.C. § 3583(b)(2). Because he committed his offense of conviction before the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005), Lovett argues that under § 3559(a) the "maximum term of imprisonment authorized" should have been computed based on his maximum term of imprisonment under the then mandatory United States Sentencing Guidelines, not the statutory maximum term of ten years. Thus, he submits that, consistent with his guideline range

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

3

of twelve to eighteen months, his offense under § 3559(a) should have been classified as a Class E felony for which the term of supervised release should not have exceeded one year, instead of a Class C felony subject to not more than three years of supervised release. *See* 18 U.S.C. § 3559(a). According to Lovett, the imposition of this longer three year term of supervised release violates the Sixth Amendment and constitutes an *ex post facto* violation of the Due Process Clause.

We conclude that the District Court correctly classified Lovett's offense as a Class C felony subject to a maximum of three years of supervised release. "As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (internal quotation marks omitted)); *see also Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992) (instructing that "[i]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished").

Section 3559(a) of the Federal Crimes Code classifies

4

federal crimes by letter grades "A" through "E." 18 U.S.C. § 3559(a). Some of the statutory provisions in the Federal Crimes Code specifically set out the letter grade of the felony at issue.[2] If the statute of conviction does not designate the letter grade of the offense, § 3559(a) specifies that the classification is based on the "maximum term of imprisonment authorized . . . ."

The plain text of § 3559(a) begins and ends our analysis of whether this section's use of the phrase "maximum term of imprisonment authorized" means the defendant's own guideline range or the statutory maximum term of imprisonment. Section 3559(a) provides that an "offense that is not specifically classified by a letter grade in the section defining it, is classified [based on] the maximum term of imprisonment authorized . . .

---

[2]*See* 18 U.S.C. § 474 (providing that the counterfeiting of obligations and securities is a Class B felony); 18 U.S.C. § 474A (providing that persons are guilty of a Class B felony if they control or possess certain distinctive paper or the ink, watermark or seal of U.S. currency); 18 U.S.C. § 514 (providing that the uttering of counterfeit obligations is a Class B felony); 16 U.S.C. § 4711(g)(2) (making violation of regulations regarding the prevention of aquatic nuisances into U.S. waters a Class C felony); 33 U.S.C. § 1232 (making the violation of the chapter or regulations pertaining to ports and waterways safety a Class D felony).

."[3]   Thus, the classification process begins by identifying the "offense" of conviction and determining whether the applicable letter grade has been designated.  If not, one must refer to the "maximum term of imprisonment authorized."   The statute specifically directs that the first step is to consult "the section defining" the criminal offense to determine if a letter grade has been assigned.  If not, the "maximum term of imprisonment authorized" is used to arrive at the proper classification.

Lovett asserts, without any supporting authority, that the maximum term of imprisonment refers to the maximum guideline range.  This construction, however, ignores the plain text of the statute that starts the classification process by reference to the "section defining" the criminal offense.  The phrase  "the section defining it" can refer only to the Federal Crimes Code as the sentencing guidelines neither define

---

[3]Section 3559(a) provides, in relevant part:
> An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is –
> (1) life imprisonment, or if the maximum penalty is death, as a Class A felony;
> (2) twenty - five years or more, as a Class B felony;
> (3) less than twenty-five years but ten or more years, as a Class C felony;
> (4) less than ten years but five or more years, as a Class D felony . . . .

18 U.S.C. § 3559(a).

6

criminal offenses, nor classify such offenses by letter grade.

If a letter grade has been assigned by "the section defining it," the inquiry is at an end. If no letter grade has been designated by the statute of conviction, the reference to "the section defining it" is not without purpose. The "maximum term of imprisonment authorized," if contained in that particular statutory provision, will provide the information necessary to properly classify the offense.

This process is straightforward. There is no need to consult more than the "section defining" the criminal offense and ascertain the "maximum term of imprisonment authorized." Noticeably absent from the text of the statute, which was enacted as part of the Sentencing Reform Act of 1984 creating the guidelines, is any language contemplating that the sentencing guidelines must be consulted at some point in this process to arrive at the "maximum term of imprisonment authorized." We should not read into the statute an interpretive process which is not plainly included therein. *See Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 190 n.11 (1982) (observing that "Congress expresses its purpose by words. It is for us to ascertain – neither to add nor to subtract, neither to delete nor to distort") (internal quotation marks and citation omitted).

Our interpretation of § 3559(a) is consistent with that of several of our sister courts of appeals. In *United States v.*

*Cunningham*, 292 F.3d 115 (2nd Cir. 2002), the defendant argued that his guideline range should govern the offense classification, as opposed to the statutory maximum. The Court found that the "argument is wholly without support. We think a plain reading of § 3559 demonstrates that the maximum term of imprisonment authorized refers to the statutory maximum of the offense and not a defendant's personal Guideline range." *Id.* at 118. Furthermore, it reasoned that subsections (a) and (b) of § 3559 "should be read consistently." *Id.* It pointed out that subsection (b) specifies that the "maximum term of imprisonment is the term authorized by the law describing the offense" and that this clearly applies to the statutory maximum in subsection (a) as well. *Id.*; *see also United States v. Alfaro-Hernandez*, 453 F.3d 280, 282 (5th Cir. 2006) (declaring that "[t]he plain language of the statute indicates that the maximum term of imprisonment is gleaned from *the section defining the offense*, not from the maximum Guidelines sentence as calculated by the district court and applicable to the defendant . . . ."); *United States v. Acres*, 128 Fed. Appx. 538 (7th Cir. 2005) (noting that it would have been frivolous for defense counsel to argue that the computation of the defendant's supervised release should have been computed based on his guideline range).

The *Cunningham* Court also noted that under the defendant's interpretation the letter grade for the same offense would vary from defendant to defendant based on each individual's criminal history and the circumstances surrounding

the offense of conviction. 292 F.3d at 119. We agree with this observation and note that the resulting disparity in sentences would have been contrary to the Sentencing Reform Act's goal of uniformity in sentencing. *See* 28 U.S.C. § 991(b) (specifying that, *inter alia*, the purpose of the United States Sentencing Commission is to establish sentencing policies and practices that "avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct . . . ."); 18 U.S.C. § 3553(a)(6) (providing that courts, in the imposition of sentence, should consider "the need to avoid unwarranted sentence disparities . . . .").

Because Lovett's maximum term of supervised release was properly computed based on the maximum term of imprisonment authorized by the statute of conviction as no more than three years both before and after *Booker*, there was no *ex post facto* increase. In the absence of an increase in his punishment, we need not address Lovett's constitutional arguments. Nonetheless, as Lovett acknowledged in his reply brief, even if he had been exposed to a greater term of supervised release post-*Booker*, that would not constitute an *ex post facto* violation of the Due Process Clause under *United States v. Pennavaria*, 445 F.3d 720, 723-24 (3d Cir. 2006).

For the above reasons, we will affirm the judgment of the District Court.