**UNITED STATES of America,**
**Appellee,**

v.

**Tony ROSARIO, Defendant–Appellant.**

**No. 07–3653–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

Yuanchung Lee, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY, for Appellant.

Daniel A. Spector, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney on the brief) for Benton J. Campbell, United States Attorney, Eastern District of New York, for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. REENA RAGGI Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Tony Rosario appeals from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*) convicting him, pursuant to a guilty plea, of interference with a flight attendant's duties in violation of 49 U.S.C. § 46504. On appeal, Rosario argues that he is entitled to appeal his sentence notwithstanding the appellate waiver in his plea agreement. He also argues that his sentence is unreasonable, and that the district court judge did not give the required advance notice that he was upwardly departing from the Guidelines range. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[A] knowing and voluntary waiver of the right to appeal is enforceable." *United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir.2002). Under this circuit's law, "a waiver of the right to appeal should only be enforced by an appellate court if the record clearly demonstrates that the waiver was both knowing (in the sense that

the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Ready,* 82 F.3d 551, 557 (2d Cir.1996) (internal quotation marks omitted). *See also United States v. Chen,* 127 F.3d 286, 289–90 (2d Cir.1997).

We conclude that the district court adequately informed Rosario that by entering a plea he was waiving his rights to challenge his sentence, and that Rosario's acceptance of the waiver was both knowing and voluntary. Before accepting Rosario's plea, the district court informed Rosario that by entering into the plea agreement, he was giving up his right to appeal all or part of his sentence. Thus, it is plain that the district court specifically communicated the defendant's waiver of the right to appeal. *See Chen,* 127 F.3d at 289–90. Further, we find no reason to believe that the waiver was not knowing and voluntary, as the district court also asked Rosario whether he understood the plea agreement and whether he had reviewed it with his lawyer. Rosario answered in the affirmative to each question.

Alternatively, Rosario argues that the appeal waiver is invalid for public policy reasons, namely that his sentence was decided based on a "legally irrelevant factor." According to Rosario, the district court improperly relied on the 21 to 27 months Guidelines range which was estimated at the time of the plea agreement rather than the Guidelines range of 18 to 24 months that both parties and the court ultimately agreed on, and further improperly considered Rosario's waiver of his right to appeal any sentence of imprisonment not exceeding 27 months. Contrary to Rosario's assertions, we are not persuaded that the incorrect Guidelines range or appellate waiver had any adverse impact on Rosario's sentence. Rather, the district court gave valid, permissible reasons for Rosario's sentence, including his

drug abuse recidivism, his abandonment of a drug treatment facility the court had ordered him to enter, and the severity of his crime.

For the foregoing reasons, we conclude that the appeal waiver is valid. Accordingly, the appeal is dismissed.