**UNITED STATES of America,**
**Appellee,**

v.

**Jose NAVARRO, Defendant–Appellant.**

**No. 08–0474–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2009.

John A. Cirando (D.J. Cirando, on the brief), Syracuse, NY, for Appellant.

Jacqueline L. Spratt, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. Reena Raggi, Hon. Peter W. Hall, Circuit Judges., and Hon. GERARD E. LYNCH, District Judge.*

### SUMMARY ORDER

Defendant Jose Navarro, who stands convicted based on a guilty plea to one count of conspiracy to import heroin, *see*

* The Honorable Gerard E. Lynch, United States District Judge for the Southern District of New York, sitting by designation.

21 U.S.C. § 952(a), appeals the 30–month sentence imposed in his case. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

### 1. *Breach of Plea Agreement*

Navarro asserts that he is entitled to re-sentencing because the government breached its plea agreement obligation by "advocating that the District Court adopt a particular view of the Guidelines, and thus, [his] sentence." Appellant's Br. at 10. We construe plea agreements *de novo* in accordance with principles of contract law, looking to "the reasonable understanding of the parties as to the terms of the agreement." *United States v. Griffin,* 510 F.3d 354, 360 (2d Cir.2007) (internal quotation marks and alterations omitted). Where, as here, a defendant claims that the government breached the plea agreement "by making allegedly impermissible comments to the sentencing court," we consider the statements "in context" to determine if "the government's commentary reasonably appears to seek to influence the court in a manner incompatible with the agreement." *Id.* at 361 (internal quotation marks omitted). Applying these principles to this case, we identify no breach.

In the plea agreement, the government promised simply to "take no position concerning where within the Guidelines range determined by the Court the sentence should fall." Plea Ag. at 4. When Navarro urged the district court to impose a sentence below the applicable Guidelines range, the government opposed *that* request, arguing that, consistent with its obligations pursuant to 18 U.S.C. § 3553(a), the court should "impose the sentence

called for by the advisory guidelines." Sentencing Tr. at 3–5. Nothing in this statement "constitute[s] an argument about where within the range to sentence appellant," so as to breach the plea agreement. *United States v. Vaval,* 404 F.3d 144, 153 (2d Cir.2005) (holding plea agreement breached on that ground).

Accordingly, we reject Navarro's breach claim as meritless.

## 2. *Reasonableness of Sentence*

 Navarro contends that, in any event, procedural error renders the imposed sentence unreasonable. *See United States v. Cavera,* 550 F.3d 180, 190, 192–93 (2d Cir.2008) (en banc) (describing procedural reasonableness review). Specifically, he faults the district court for failing to explain (1) its Guidelines calculation, (2) its reason for denying Navarro a downward departure, and (3) its reason for imposing a Guidelines sentence.

The argument is, in fact, barred by Navarro's plea agreement, wherein he promised not to "appeal or otherwise challenge ... [his] conviction or sentence in the event that the court imposes a term of imprisonment of 63 months or below." Plea Ag. at 3. We generally enforce knowing and voluntary appellate waivers. *See United States v. Cunningham,* 292 F.3d 115, 117 (2d Cir.2002); *United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996). Nothing in the record of this case warrants an exception to this rule. *See United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000) (noting that "exceptions to the presumption of the enforceability of a waiver ... occupy a very circumscribed area of our jurisprudence").

Beyond his meritless assertion that the government breached the plea agreement, Navarro argues only that his appellate waiver should not be construed to preclude a challenge to the district court's failure to engage in any sentencing analysis "at all."

Appellant's Br. at 17. We have recognized that an appeal waiver may not be enforceable where a district court engaged in an "arbitrary" sentencing practice "without proferred reasons," *United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.1995), but this is not such a case. Indeed, we identify no procedural error in Navarro's sentence.

The 30–37 month Guidelines range applicable to this case was agreed to by the parties in their Plea Agreement. Moreover, the relevant calculation was set forth in the Pre–Sentence Report, which the district court confirmed had been reviewed by Navarro and his counsel and to which Navarro took no exception. Indeed, defense counsel stated at sentencing that "the guidelines in this matter are 30 to 37 months." Sentencing Tr. at 3. Viewed in this context, it is apparent that the district court adopted the Guidelines calculation in the Pre–Sentence Report and agreed to by the parties when it stated that "the guideline range is appropriate in this case." In addition, because the district court sentenced Navarro at the low end of the agreed-upon range, he can hardly claim that he was prejudiced by the court's failure to particularize the steps leading to this range.

Similarly, because the district court heard both parties' arguments regarding an appropriate sentence—arguments that included discussion of the agreed-upon 30–37 Guidelines range, Navarro's request for a downward departure, and the government's contention that the § 3553(a) factors supported a Guidelines sentence—we have no reason to question that the district court gave full and fair consideration to these arguments or that its conclusion that a sentence at the low end of the Guidelines was appropriate in this case properly reflected an individualized sentencing decision. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445

(2007) (noting that district court "must make an individualized [sentencing] assessment based on the facts presented"); *United States v. Cavera*, 550 F.3d at 193 ("As we have often said, we do not require robotic incantations that the district court has considered each of the § 3553(a) factors." (internal quotation marks omitted));

In sum, because we identify no breach of the plea agreement by the government and no other basis for declining to enforce Navarro's appellate waiver, we conclude that the appellate waiver is enforceable and, accordingly, we order that this appeal be DISMISSED.