10-3315-cr
*United States v. Hector Barreras*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> PETER W. HALL,
>
> > *Circuit Judges.\**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

> *Appellee,*

> v.                                                                  No. 10-3315-cr

HECTOR BARRERAS,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

\* The Honorable Raymond J. Lohier, Jr., originally a member of the panel sitting on August 24, 2012, recused himself from consideration of this matter. The remaining members of this panel, who are in agreement, have decided this case pursuant to 2d Cir. R. § 0.14(b).

1

**FOR DEFENDANT-APPELLANT:**   Vivian M. Williams, Vivian M. Williams & Associates, New York, NY.

**FOR APPELLEE:**   Sarah E. McCallum and Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Hector Barreras appeals from a judgment of conviction entered on August 9, 2010, in the District Court, following his plea of guilty to one count of possessing, with intent to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). We assume the parties' familiarity with the facts and procedural history of the case and the issues on appeal.

## DISCUSSION

*1.  Appeal Waiver*

The Government argues that the appeal should be dismissed because Barreras waived his right to appeal "any sentence within or below the Stipulated Guidelines Range" set forth in the plea agreement and the District Court sentenced Barreras to a term of imprisonment below the Stipulated Guidelines Range. We have "repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks and brackets omitted). Barreras makes no argument that his waiver was not knowing and voluntary, and indeed he fails to mention the issue at all in his briefs on appeal. We therefore conclude that the appeal waiver is valid and enforceable.

However, Barreras's appeal waiver does not bar his principal arguments in this appeal. "[W]e scrutinize claimed waivers of appellate rights closely and apply them narrowly." *United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002) (internal quotation marks omitted). Moreover, recognizing "that the Government usually drafts plea agreements, we construe such agreements 'strictly against the Government.'" *Id.* (quoting *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996)). Unlike many appeal waivers, the waiver in Barreras's plea agreement bars only a direct or collateral

challenge to "*any sentence* within or below the Stipulated Guidelines Range." It does not bar an appeal of the underlying *conviction*.

Barreras does not appeal his sentence. Rather, he argues principally that: (1) Judge Robinson should have recused himself under 28 U.S.C. § 455(a); (2) the District Court violated his Sixth Amendment right to his counsel of choice when it refused to allow substitute counsel at sentencing; and (3) the Government submitted a prior-felony information pursuant to 21 U.S.C. § 851 in bad faith.[1] These arguments are not precluded by the terms of the plea agreement. Accordingly, we decline to dismiss the appeal. *Cf. Cunningham*, 292 F.3d at 117 (declining to dismiss appeal of supervised release term when supervised release was not mentioned in appeal waiver).

However, turning to the merits of the appeal, we find that each of Barreras's arguments is without merit.

### 2.    *Recusal Motion*

We assess whether a judge must recuse himself under 28 U.S.C. § 455(a) by asking whether "a reasonable person, knowing all of the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). Barreras argues that Judge Robinson should have recused himself principally because he received a letter from Barreras that emitted a puff of powder upon being opened. It was later determined that the powder was harmless and that Barreras was not responsible for the incident. As Judge Robinson stated in his order denying Barreras's motion to recuse, there was no basis for questioning his partiality based on this incident because he did not believe that Barreras had done anything wrong. Barreras's other arguments regarding recusal are equally meritless. No reasonable person, knowing all the facts, could question Judge Robinson's impartiality. Accordingly, there was no error in denying the motion to recuse.

### 3.    *Sixth Amendment Right to Counsel of Choice*

Barreras argues that the District Court violated his Sixth Amendment right to counsel of his choice when it denied the motion of Barreras's current counsel, Vivian M. Williams, to appear at

---

[1] In a separate, pro se submission to the Court, Barrerra also argues that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and committed prosecutorial misconduct by belatedly turning over a narcotics laboratory worksheet on the eve of trial. This argument *is* barred by a separate waiver in the plea agreement, under which Barerras "waive[d] any and all right to . . . attack his conviction . . . on the ground that the Government has failed to produce any discovery material." In any event, the argument is without merit for the simple reason that the narcotics laboratory worksheet *was* turned over to the defense.

sentencing and replace Barreras's previous counsel, who had been appointed pursuant to the Criminal Justice Act ("CJA").

"While a defendant has a right to counsel of his choice under the Sixth Amendment, it is not an absolute right. Absent a conflict of interest, a defendant in a criminal case does not have the unfettered right to retain new counsel." *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008) (internal quotation marks and ellipsis omitted). "In determining whether to allow a defendant to retain new counsel, the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." *Id.* (internal quotation marks and ellipsis omitted). We review a district court's denial of a request to substitute counsel for abuse of discretion. *Id.* at 161.

Here, the District Court acted well within its discretion in refusing to allow substitution of counsel on the eve of sentencing. At that time, Barreras was being represented by the fourth of five lawyers who would appear on his behalf (three of whom were CJA-appointed). That lawyer had represented Barreras throughout two days of trial, prior to Barreras's decision to plead guilty, and had negotiated his (quite favorable) plea agreement with the Government. Sentencing had already been adjourned twice, and the District Court had warned Barreras that further delays would not be allowed. When attorney Williams attempted to enter an appearance on Barreras's behalf, he did so without any accompanying motion to replace his predecessor. Moreover, Williams informed the District Court that he was not prepared to represent Barreras at the scheduled sentencing and would require yet another adjournment. Under these circumstances, where Barreras had already changed counsel three times and delayed his sentencing twice, it was not an abuse of discretion for the District Court to deny a last-minute application for change of counsel that would have caused further delay.

### 4. *Ineffective Assistance of Counsel*

In his pro se brief, Barreras argues that his Sixth Amendment right to the effective assistance of counsel was also violated because two of his attorneys had failed to make a motion requesting the re-weighing of the narcotics in his possession when he was arrested and had failed to specifically request that the Government turn over a narcotics laboratory worksheet describing the weight of the narcotics. He also claims that one of his lawyers rendered ineffective assistance by failing to advise him of a two-level sentencing enhancement for obstruction of justice.

We have frequently expressed our "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). For this reason, we decline to consider any claim relating to the advice Barreras received during plea bargaining or at sentencing.

4

However, we are able to address the claims relating to re-weighing of narcotics and disclosure of the narcotics laboratory worksheet because the record clearly shows that Barreras suffered no prejudice. In order to prevail on an ineffective assistance of counsel claim, Barreras must demonstrate *both* that his counsel's performance was unreasonably deficient under prevailing professional standards *and* that, but for counsel's unprofessional errors, there exists a reasonable probability that the result below would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Barreras cannot satisfy *Strickland*'s second prong because the Government conceded the point that Barreras wanted to make through use of the worksheet and re-weighing of the narcotics—namely, that the drugs in his possession when he was arrested weighed less than 5 kilograms. Indeed, the Government allowed Barreras to enter a plea of guilt to possessing only 500 grams of narcotics, forgoing charges based on the original 5-kilogram weight.

Accordingly, we reject Barreras's Sixth Amendment relating to his choice of counsel and the alleged ineffectiveness of his counsel in failing to move for a re-weighing of evidence and failing to request the narcotics laboratory worksheet. We decline to address any claim that he received ineffective assistance in connection with plea bargaining or sentencing.

### 5. *Prior-Felony Information*

The Government filed a prior-felony information on September 2, 2009, two years after Barreras was indicted and about a month after his trial date was set. The filing of the prior-felony information exposed Barreras to a 20-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). Barreras argues that the Government filed the prior-felony information as a means of coercing him into stipulating that the quantity of cocaine for which he should be liable exceeded 5 kilograms, notwithstanding that it weighed slightly less. We see no impropriety in the Government's action.

The Government has discretion to decide whether to file a prior-felony information, so long as it does not base its decision on an improper factor, such as race, religion, or another "arbitrary classification." *United States v. Sanchez*, 517 F.3d 651, 671 (2d Cir. 2008). The desire to induce a guilty plea or stipulation is not an improper factor on which to decide whether to file a prior-felony information. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 364–65 (1978) ("To hold that the prosecutor's desire to induce a guilty plea is an 'unjustifiable standard,' which, like race or religion, may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself.").

Accordingly, we reject Barreras's argument that the Government's filing of a prior-felony information was in any way improper.

5

## CONCLUSION

We have considered all of Barreras's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court