United States v. Coston

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: November 26, 2013          Decided: December 10, 2013)

Docket No. 12-4622

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

RASHOD COSTON,

*Defendant-Appellant.*

_____

B e f o r e:

KATZMANN, *Chief Judge*, WINTER and CALABRESI, *Circuit Judges*.

_____

Appeal from a judgment of conviction entered in the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*), which sentenced the defendant principally to 27 months' imprisonment. We conclude that the defendant knowingly and voluntarily waived his right to bring this appeal and that his appeal waiver is enforceable. Accordingly the appeal is **DISMISSED**.

————————

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York (Gwendolyn Carroll, Assistant United States Attorney, *on the brief*), Syracuse, NY, *for Appellee*.

MARSHALL A. MINTZ, Mintz & Oppenheim LLP, New York, NY, *for Defendant-Appellant*.

————————

PER CURIAM:

Defendant-Appellant Rashod Coston appeals from a November 9, 2012, judgment of conviction entered by the United States District Court for the Northern District of New York (Mordue, *J.*), which sentenced him principally to 27 months' imprisonment. Pursuant to a plea agreement, Coston pleaded guilty to one count of fraudulently using access devices to obtain items valued at $1,000 or more, in violation of 18 U.S.C. § 1029(a)(2) & (c)(1)(A)(i). By the terms of that agreement, Coston waived his right "to appeal or collaterally attack . . . any sentence of imprisonment of 120 months or less, including any related issues with respect to the . . . advisory Sentencing Guidelines range or the

2

reasonableness of the sentence imposed." App. 23. Coston appeals his sentence, contending that his appeal waiver is either void or unenforceable and that, accordingly, he may challenge his sentence for procedural error.

Coston argues that the district court's sentencing was procedurally flawed because the court failed to give adequate reasons and discussed sentencing-related matters off the record in the court's chambers. He recognizes, however, that we would not reach the merits of that claim unless he can demonstrate that his waiver of his rights to appeal or collaterally attack the sentence is unenforceable. To that end, he contends that the plea agreement's provision that any sentence at or below 120 months' imprisonment—the statutory maximum—created an unacceptable risk of abuse in exchange for minimal consideration, and, moreover, that the district court's sentencing above the Guidelines range contemplated by the factual stipulations of the plea agreement demonstrates the "fundamental" unfairness worked by the waiver in this case.

We will enforce a defendant's waiver of the right to appeal a sentence "only . . . if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996)

(internal citation omitted). That said, "[w]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted). As we noted in *Riggi*, we have "repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant." *Id.* at 147 (quoting *United States v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir. 2000)). And while we will void an appeal waiver that violates certain fundamental rights, "other meaningful errors are insufficient to void an appeal waiver." *Riggi*, 649 F.3d at 147.

The "decisive considerations" motivating our decision to enforce, *vel non*, an appeal waiver are the "nature of the right at issue" and "whether the sentence was reached in a manner that the plea agreement did not anticipate." *Id.* at 148 (quoting *United States v. Liriano–Blanco*, 510 F.3d 168, 174 (2d Cir. 2007)). Provided that these considerations are satisfactory, we will enforce an appeal waiver despite "meaningful" errors in sentencing.

The parties do not dispute that Coston made a knowing, voluntary, and competent waiver of his appellate rights. Nor could they. The record discloses that the district court properly ascertained that the waiver was knowing,

voluntary, and competent. Moreover, the transcript of the plea colloquy reveals that the district court comprehensively probed whether the defendant fully understood everything he was giving up in waiving his right to appeal any sentence at or below the statutory maximum (i.e., 120 months):

> The Court: . . . What you're telling me by that in your plea agreement is if I sentence you to 120 months or less, there will be no appeal from anything in this case. Is that your understanding?
> The Defendant: Yes, sir.
> The Court: And if I was to sentence you to more than 120 months, then you could appeal, only thing you could appeal is if I was correct in my judgment when I gave you a sentence greater than 120 months. Is that your understanding?
> The Defendant: Yes, sir.

App. 44. We find on the basis of this colloquy that Coston fully understood precisely what he was giving up in agreeing to waive his appellate rights, and that there is no reason to doubt his complete and accurate understanding of the wide range of sentencing outcomes he had agreed not to appeal.

Nor is there any merit to Coston's claim that he received no consideration for the waiver of his appellate rights: as the PSR's findings about the actual loss caused by Coston's conduct suggest, and as the government confirms on appeal, in the plea agreement the government stipulated to a much lower loss amount than was actually involved in the offense of conviction, and, moreover, stood by

5

that stipulation in the sentencing memorandum it submitted to the district court in advance of sentencing. The conclusion that Coston was fully aware of what he was giving up in waiving his rights and the conclusion that the plea agreement was not without consideration distinguish this case from our precedents in which we have applied a "close look" to unorthodox waivers of appellate rights. *See United States v. Goodman*, 165 F.3d 169, 174 (2d Cir. 1999); *United States v. Rosa*, 123 F.3d 94, 99-101 (2d Cir. 1997). In *Goodman*, for example, we declined to enforce a broad appeal waiver only after finding, *inter alia*, that the defendant received "very little benefit" from the government, that the district court had incorrectly described the breadth of the waiver during the plea allocution, and that the sentence imposed nearly doubled the highest predicted guideline sentence. *Goodman*, 165 F.3d at 174-75.

We also find no merit in the defendant's suggestion that we might exercise our discretion to correct a putative procedural error below because "[s]uch unchecked discretion would undermine the very foundation of the criminal justice system." Appellant's Br. 15. There is no indication that the sentence was reached in a manner that the plea agreement did not anticipate, *see Liriano–Blanco*, 510 F.3d at 174, nor does the defendant raise any colorable claim that enforcing

6

his waiver would violate his more fundamental rights, *see Gomez–Perez*, 215 F.3d at 319.

Consequently, we find that Coston's waiver of his appellate rights was knowing, voluntary, and competent, and we will enforce it in this appeal of his sentence falling within the bounds of the plea agreement.

Notwithstanding our decision to enforce Coston's waiver of his right to appeal his sentence, we take note of his argument that the district court conducted a meeting in chambers at which sentencing issues were discussed. Without reaching either the accuracy of that claim or the merits of Coston's procedural challenge to his sentence based upon it, we note that "the preferred way to proceed in criminal cases is under the assumption that nothing is 'off the record,'" *United States v. Amico*, 486 F.3d 764, 779 (2d Cir. 2007).

We have considered Coston's remaining arguments and find them to be without merit. Accordingly, the appeal is hereby **DISMISSED**.