13-1881-cr
United States v. David Blech

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
　　　　　　PETER W. HALL,
　　　　　　DENNY CHIN,
　　　　　　　　*Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee,*

　　　　-v.-　　　　　　　　　　　No. 13-1881-cr

DAVID BLECH,

　　　　　　　　*Defendant - Appellant.*

---

FOR APPELLANT:    RICHARD WARE LEVITT, Levitt & Kaizer, New York, NY.

FOR APPELLEE:    MICHAEL A. LEVY, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

David Blech appeals his sentence and forfeiture ordered by the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).  We assume the parties' familiarity with the facts and the issues raised on appeal.

In this case, the proper measure of gain for the forfeiture calculation was net, not gross, gain.  *United States v. Mahaffy*, 693 F.3d 113, 137-38 (2d Cir. 2012).  Blech offers measures in his reply brief suggesting that there may have been a better way of calculating gain than that used by the district court; however, he did not make this argument in the district court.  Even if we were otherwise inclined to review it, Blech did not argue that the true *value* of the stocks at the time of his sales should be accounted-for until his reply brief; however, "issues

2

not raised in a party's opening brief are considered abandoned" (or, in this case, doubly waived). *Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012) (alteration and quotation marks omitted). The district court did not err in holding that Blech did not meet his "burden of proof with respect to the issue of direct costs." *See* 18 U.S.C. § 981(a)(2)(B).

As to his sentence, Blech has not produced evidence sufficient to overcome his appellate waiver. *See, e.g., United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (*per curiam*). The sentencing judge made a number of ill-conceived remarks that bordered on the inappropriate. Ultimately, however, we are not persuaded that Blech's sentence was "based on unconstitutional factors[ ]such as race." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). Blech was sentenced based on the 18 U.S.C. § 3553(a) factors, including the need for specific deterrence for a recidivist, and the need for general deterrence for those who might otherwise feel that some white-collar crimes are "game[s] worth playing." *United States v. Goffer*, 721 F.3d 113, 132 (2d Cir. 2013).

We have considered all of Blech's arguments and they are without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk