12-5118-cr
*United States v. Cotto*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> -v.-                                              No. 12-5118-cr

JOSE COTTO,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLEE:** | Paul D. Silver, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT. |

1

Appeal from a judgment, entered December 18, 2012, of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

## BACKGROUND

Defendant Jose Cotto appeals from the judgment of the District Court sentencing him principally to 120 months' imprisonment.

On May 21, 2009, Cotto pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with the intent to distribute more than fifty grams of cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. § 846. Cotto's plea agreement waived, in relevant part, the right "to appeal . . . any sentence of imprisonment, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed."[1] Appellant's App'x 25. As a result, he faced a mandatory minimum term of life imprisonment. However, the Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. On December 13, 2010, Cotto was sentenced to 180 months' imprisonment.

On Cotto's initial appeal, we granted the Government's motion to remand to the District Court for resentencing in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA").

On December 10, 2012, Cotto was sentenced again. This time, his advisory Guidelines range was 262 to 327 months' imprisonment. The Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1, and the District Court sentenced Cotto principally to a term of imprisonment of 120 months, the statutory mandatory minimum term.

---

[1] The waiver reads in full:

15. **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed.

Appellant's App'x 25.

## DISCUSSION

On appeal, Cotto argues that the District Court erred by failing to consider the 18 U.S.C. § 3553(a) factors when it resentenced Cotto. Because of the unique history of Cotto's sentencing, and because there was "no substantive discussion of the § 3553(a) factors" at the second sentencing, Cotto asks us to infer that the District Court did not in fact consider them. This argument, however, is foreclosed by Cotto's waiver of appeal in his plea agreement.

"Waivers of the right to appeal a sentence are presumptively enforceable" and we have "repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks and alterations omitted).

The parties do not dispute that Cotto made a knowing, voluntary, and competent waiver of his appellate rights. Nor could they: The District Court clearly addressed the waiver at the time of Cotto's plea, and Cotto confirmed that he understood the rights he was giving up and he was doing so voluntarily. The District Court also reminded Cotto of his waiver at both of the sentencing proceedings.

Here, Cotto does not even acknowledge the waiver in his brief or argue that it is for some reason unenforceable. And on an independent review, there is nothing in the record to suggest that "the sentence was reached in a manner that the plea agreement did not anticipate" or that "enforcing [Cotto's] waiver would violate his more fundamental rights," both of which might void an appeal waiver. *United States v. Coston*, 737 F.3d 235, 237–38 (2d Cir. 2013) (citations omitted). In the absence of these, "other meaningful errors are insufficient to void an appeal waiver." *Riggi*, 649 F.3d at 147; *see also United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011) (appeal waiver precluded appellate review of district court's failure to follow procedural requirements related to the imposition of his sentence); *United States v. Arevalo*, 628 F.3d 93, 97 (2d Cir. 2010) ("Because the conduct [defendant] challenges . . . was clearly part of the sentencing phase of [his] case, [defendant's] challenge is within the scope of his appeal waiver and is foreclosed.").

Accordingly, we conclude that Cotto's waiver of his appellate rights is enforceable and, in the circumstances presented here, forecloses him from appealing his sentence.

## CONCLUSION

We have considered Cotto's remaining arguments on appeal and find them to be without merit. For the reasons set out above, this appeal is **DISMISSED**.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court