13-4207-cr
United States v. Koehn

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of October, two thousand fourteen.

Present:       ROSEMARY S. POOLER,
               REENA RAGGI,
               PETER W. HALL,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

               v.                                          13-4207-cr

JOSEPH A. KOEHN,

                       *Defendant-Appellant*.

_____

Appearing for Appellant:     Michael J. Stachowski, Buffalo, N.Y.

Appearing for Appellee:      Stephan J. Baczynski, Assistant United States Attorney of Counsel
                             for the Western District of New York, (William J. Hochul, Jr.,
                             United States Attorney, *on the brief*) Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED**.

Joseph A. Koehn appeals from the October 18, 2013 judgment of conviction and sentence entered by the United States District Court for the Western District of New York (Skretny, *J.*). The district court imposed a below-Guideline sentence of 240 months' imprisonment after Koehn pleaded guilty pursuant to a plea agreement to one count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Koehn argues that his sentence is substantively unreasonable, but his plea agreement expressly waived the right to bring this challenge. The agreement provided in relevant part that the defendant "knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than . . . 324 to 405 months . . . notwithstanding the manner in which the Court determines the sentence." Because the district court's sentence of 240 months' imprisonment clearly falls within the bounds of the plea agreement, we do not reach the merits of Koehn's claims unless we find the waiver unenforceable.

"Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted), and a waiver will be treated as valid so long as it is "knowingly, voluntarily, and competently provided by the defendant," *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). Defendant does not dispute that he entered his plea knowingly and voluntarily. Rather, he asserts we should not enforce his waiver because the three-level reduction for acceptance of responsibility he thereby received constitutes inadequate consideration. In so arguing, Koehn relies on cases in which we have applied a "close look" to "unorthodox" appellate waivers, and declined to enforce them where the defendant "received very little benefit in exchange for [his] plea of guilty." *United States v. Goodman*, 165 F.3d 169, 174 (2d Cir. 1999) (internal quotation marks omitted); *see United States v. Rosa*, 123 F.3d 94, 99 (2d Cir. 1997). These cases are inapposite because the waiver at issue is not unorthodox. "We have regularly enforced knowing and voluntary waivers in the conventional form that waive the right to appeal a sentence *within (or below) an agreed guideline range*." *Goodman*, 165 F.3d at 174 (emphasis in original); *see also United States v. Jacobson*, 15 F.3d 19, 22–23 (2d Cir. 1994).

"The 'decisive considerations' motivating our decision to enforce, *vel non*, an appeal waiver are the 'nature of the right at issue' and 'whether the sentence was reached in a manner that the plea agreement did not anticipate.'" *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (quoting *Riggi*, 649 F.3d at 148). Here, defendant stipulated to the correctness of a reduced Guideline calculation, and received, not only the promised three-level reduction, but also a sentence that fell seven years below the low end of the Guideline range contemplated by the parties. "While receipt of the expected benefits of a plea is, of course, not in and of itself a reason to hold a defendant to a plea agreement which is otherwise invalid," it speaks to the "overall fairness, and thereby the validity, of that agreement." *Rosa*, 123 F.3d at 101-02. Because the plea

agreement here was otherwise valid, we hold that it precludes Koehn's present challenges to the substantive reasonableness of his sentence.

Even if Koehn had not waived the right to bring his present appeal, he would not be entitled to relief because his sentencing challenge fails on the merits. "The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). Nonetheless, "the requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement [that] the factor be given determinative or dispositive weight in the particular case." *United States v. Florez*, 447 F.3d 145, 157 (2d Cir. 2006) (alterations in original) (internal quotation marks omitted). The record below reveals that the district court carefully considered the sentencing factors set out in Section 3553(a) in addition to this court's guidance in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) and *United States v. Tutty*, 612 F.3d 128 (2d Cir. 2010). The district court also fully explained its reasons for discrediting the assertions of the defendant's expert that Koehn's persistent attempts to procure a four-year-old child were mere fantasy, and we identify no clear error in this conclusion. Nor are we persuaded that defendant's sentence—seven years below the low end of the agreed-upon guidelines range—"cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered the remainder of Koehn's arguments and find them to be without merit. Accordingly, the appeal is hereby DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3