13-1986-cr
*United States v. Lopez-Lucas*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand fourteen.

PRESENT:    José A. Cabranes,
            Raymond J. Lohier, Jr.,
            Christopher F. Droney,
                        *Circuit Judges.*

---

United States of America,

     *Appellee,*

       v.                                         No. 13-1986-cr

Nehemias Lopez-Lucas,

     *Defendant-Appellant.*

---

**FOR NEHEMIAS LOPEZ-LUCAS:**    Charles F. Willson, Nevins Law Group LLC, East Hartford, CT.

**FOR UNITED STATES OF AMERICA:**    Stephan J. Baczynski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant's appeal is **DISMISSED**.

Defendant Nehemias Lopez-Lucas appeals from a judgment convicting him, following his plea of guilty, of illegally re-entering the United States after having previously been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and sentencing him principally to 46 months' imprisonment and 3 years' supervised release. Defendant challenges only his sentence on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). We have "repeatedly upheld the validity of appeal waivers if they are knowingly, voluntarily, and competently provided by the defendant." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (internal quotation marks omitted). "[W]hile we will void an appeal waiver that violates certain fundamental rights, other meaningful errors are insufficient to void an appeal waiver." *Id.* (internal quotation marks omitted).

On December 20, 2012, defendant entered into a written plea agreement pursuant to which he "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than," *inter alia*, 41 to 51 months' imprisonment and 1 to 3 years' supervised release. Furthermore, at his plea colloquy, defendant expressly acknowledged that he understood he was waiving his right to appeal. Accordingly, defendant's appeal waiver was knowing and voluntary and, therefore, enforceable. Because the sentence imposed by the District Court was consistent with the terms and conditions of the plea agreement, defendant's appeal must be dismissed.

We have considered all of the arguments raised by defendant on appeal and find them to be without merit. For the reasons stated above, defendant's appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2