13-3680-cr
United States v. Willard

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of January, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                      13-3680-cr

JULIUS WILLARD, AKA Steven Seagren Keneard,
AKA Victor Keneard,

                     *Defendant-Appellant*.

_____

Appearing for Defendant-Appellant:     Herbert L. Greenman, Lipsitz Green Scime Cambria LLP, Buffalo NY.

Appearing for Appellee:     Monica J. Richards, Assistant United States Attorney for the Western District of New York, (William J. Hochul, Jr., United States Attorney, *on the brief*), Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED**.

Julius Willard appeals from the judgment of conviction and sentence filed on September 19, 2013 by the United States District Court for the Western District of New York (Arcara, *J.*). The district court imposed a below-Guidelines sentence of 94 months' imprisonment after Willard pleaded guilty pursuant to a plea agreement to one count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Willard argues that the district court's sentence of 94 months' imprisonment is substantively and procedurally unreasonable. However, his plea agreement expressly waived the right to bring this challenge. The agreement provided that the defendant "knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than . . . 145 to 175 months . . . notwithstanding the manner in which the [c]ourt determines the sentence." App'x at 62. Because the district court's sentence of 94 months' imprisonment falls within the bounds of this agreement, we do not reach the merits of Willard's claim unless we find the waiver unenforceable.

"Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted), and a waiver will be treated as valid so long as it is "knowingly, voluntarily, and competently provided by the defendant," *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). Willard argues that we should not enforce his waiver because his plea agreement contains inadequate consideration.

This argument is unavailing. In exchange for his plea, Willard received several benefits. For example, "the government agree[d] not to oppose the recommendation that the [c]ourt apply the two . . . level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agree[d] to move the [c]ourt to apply the additional one . . . level downward adjustment of Guidelines § 3E1.1(b)." App'x at 57. Furthermore, "[t]he 'decisive considerations' motivating our decision to enforce, *vel non*, an appeal waiver are the 'nature of the right at issue' and 'whether the sentence was reached in a manner that the plea agreement did not anticipate.'" *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (quoting *Riggi*, 649 F.3d at 148). Here, the sentence was reached in precisely the manner anticipated by the plea agreement, with Willard receiving a sentence within or below the stipulated Guidelines range, as well as a promised four-level reduction for cooperation. *See* U.S.S.G. § 5K1.1. "While receipt of the expected benefits of a plea is, of course, not in and of itself a reason to hold a defendant to a plea agreement which is otherwise invalid," it speaks to the "overall fairness, and thereby the validity, of that agreement." *United States v. Rosa*, 123 F.3d 94, 101–02 (2d Cir. 1997); *see also United States v. Goodman*, 165 F.3d 169, 174–75 (2d Cir. 1999) ("We have regularly enforced knowing and voluntary waivers in the conventional form that waive the right to appeal a sentence *within (or below) an agreed guideline range*.") (emphasis in original). Because "[t]here is no indication that the sentence was reached in a manner that the plea agreement did not anticipate, nor does the defendant raise any colorable claim that enforcing his waiver would violate his more fundamental rights," *Coston*, 737 F.3d at 238 (citations omitted), we hold that Willard's appeal waiver precludes his present challenge to the substantive and procedural reasonableness of his sentence.

We have considered the remainder of Willard's arguments and find them to be without merit. Accordingly, the appeal is hereby DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk