13-0842-cr
United States v. Conrad

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of July, two thousand fifteen.

Present:    AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

        v.                                          13-0842-cr

WAYNE L. CONRAD, JR.,

                    *Defendant-Appellant*.

_____


Appearing for Appellant:    Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, N.Y.

Appearing for Appellee:     Paul D. Silver, Assistant United States Attorney for the Northern District of New York (Richard S. Hartunian, United States Attorney, Richard D. Belliss, Assistant United States Attorney, *on the brief*) Albany, N.Y.


Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED** in part, and that the appeal be **DISMISSED** in part.

Wayne Conrad appeals from the judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*), entered February 28, 2013, sentencing Conrad principally to 96 months' imprisonment with a supervised release term of life. An amended judgment was entered on May 6, 2013, ordering Conrad to pay $2,881.50 in restitution. No notice of appeal was filed after entry of the May 6, 2013 amended judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Conrad's plea agreement with the government contained an appeal waiver, stating that Conrad "waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 188 months or less." "'[W]e apply appeal-waiver provisions narrowly' and construe ambiguities with respect to their scope 'strictly against the Government.'" *United States v. Oladimeji*, 463 F.3d 152, 157 (2d Cir. 2006). An appeal-waiver provision that specifies a term of imprisonment but makes no mention of supervised release does not constitute a waiver of the defendant's right to appeal the length of his term of supervised release. *See United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002); *see also Oladimeji*, 463 F.3d at 156-57. Conrad makes no arguments directed specifically at the supervised release aspect of his sentence. To the extent that his appeal challenges that aspect, we affirm.

Conrad urges us to void the appeal waiver on the grounds that (1) he did not agree to be sentenced for the active distribution of child pornography, only for the receipt and possession of child pornography; and (2) in accepting his plea, the district court failed to adequately ensure that Conrad understood the terms of the appeal waiver as required by Fed. R. Crim. P. 11(b)(1)(N). We find both arguments unavailing.

"Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted). An appeal waiver will be treated as valid so long as it is "knowingly, voluntarily, and competently provided by the defendant." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). "The 'decisive considerations' motivating our decision to enforce, *vel non*, an appeal waiver are the 'nature of the right at issue' and 'whether the sentence was reached in a manner that the plea agreement did not anticipate.'" *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (quoting *Riggi*, 649 F.3d at 148). "Before accepting a guilty plea, Federal Rule of Criminal Procedure 11(b)(1)(N) requires that the court 'inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'" *United States v. Cook*, 722 F.3d 477, 480 (2d Cir. 2013) (quoting Fed. R. Crim. P. 11(b)(1)(N)). Where, as here, a defendant fails to preserve a Rule 11 objection in district court and seeks to amend his guilty plea on appeal, the defendant must demonstrate plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. . . . Additionally, to show that a Rule 11 violation was plain

error, the defendant must demonstrate that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted).

Here, during Conrad's plea colloquy the district court adduced that the plea agreement contained an appeal waiver, Conrad said he understood the plea agreement, and Conrad's lawyer told the district court that he had thoroughly advised Conrad as to the consequences of his guilty plea. We find no plain error in the district court's acceptance of Conrad's guilty plea because Conrad has made no showing that but for the alleged error, he would not have pleaded guilty. Indeed, in this Court he has stated that "[a]fter consulting with appellate counsel, Conrad has determined not to seek on this appeal to overturn his guilty plea on the grounds that the appellate waiver was neither knowing nor voluntary, or on any other grounds." (Conrad brief on appeal at 24 n. 1)

In this case, the plea agreement included no stipulated Guidelines calculation, instead expressly noting Conrad's consent to judicial factfinding "with respect to any and all sentencing factors and issues." App'x at 47. Thus, the district court did not sentence Conrad in a manner unanticipated by the plea agreement, but simply increased the offense level based on its acceptance of factual findings included in the PSR (which were themselves based, at least in part, on Conrad's own statements). Conrad was not deprived of the benefit of his bargain, and thus the appeal waiver is enforceable. We note Conrad's additional statement that he "reserves his right to raise this and any other issue in a habeas petition pursuant to 28 U.S.C. section 2255." (Conrad brief on appeal at 24 n. 1) Nothing in the present order endorses such an attempted reservation of the ability to raise in collateral proceedings any claims covered by his appeal waiver or any other claims he has deliberately bypassed on this direct appeal, *see, e.g., Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, . . . or that he is actually innocent . . . ." (internal quotation marks omitted)): *Campino v. United States*, 968 F.2d 187, 189-90 (2d Cir. 1992).

In any event, even were the Court to reach the merits of Conrad's appeal, we find that such an appeal would be without merit. Conrad argues that the district court committed plain error by basing its sentence "on the clearly erroneous supposition that Conrad was a distributor of child pornography." (Conrad brief on appeal at 22) In *United States v. Reingold*, our Court held that the distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(F) applies when a defendant "knowingly plac[es] child pornography files in a shared folder on a peer-to-peer file-sharing network . . . even if no one actually obtains an image from the folder." 731 F.3d 204, 229 (2d Cir. 2013) (internal quotation marks and citation omitted). There is no requirement of intent to distribute for § 2G2.2(b)(3)(F) to apply, but there is a knowledge requirement: the defendant must know that depositing files into the folder will make the files available to others. *Id.* Here, Conrad acknowledged in his interview with the probation office that his use of peer-to-peer programs left the downloaded files on his computer open to sharing with others. This is sufficient to support the district court's factual finding that Conrad was a distributor of child pornography.

We have considered the remainder of Conrad's arguments and find them to be without merit. Accordingly, the appeal is hereby AFFIRMED as to Conrad's term of supervised release, and DISMISSED in all other respects.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk