*14-4469-cr*
*United States v. Jacob Sherrill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

Present:
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
                *Circuit Judges*,
        JED S. RAKOFF,
                *District Judge*.*

_____

UNITED STATES,

                *Appellee*,

        v.                                                          14-4469-cr

JACOB SHERRILL,

                *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Carla Freedman and Paul D. Silver, Assistant United States Attorneys for the Northern District of New York, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, N.Y. |
| For Defendant-Appellant: | Clarence Q. Johnson, West Seneca, N.Y. |

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Jacob Sherrill ("Sherrill") appeals from the December 1, 2014 judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) resentencing him principally to 70 months of imprisonment, following a guilty plea, for conspiracy to distribute, and possess with intent to distribute, 100 grams or more of a substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. As part of his plea agreement, Sherrill waived his right to appeal any sentence of 120 months or less. Nevertheless, Sherrill mounts this appeal, arguing that his sentence was procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

* * *

Sherrill's argument as to the procedural reasonableness of his sentence is foreclosed by the waiver of appeal in his December 19, 2012 written plea agreement. "Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010)), and we have "'repeatedly upheld the validity of appeal waivers' if they are 'knowingly, voluntarily, and competently provided by the defendant.'" *Id.* (alterations omitted) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000)). Indeed, permitting an appeal from a defendant "who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal" would "render the plea bargaining process and the resulting agreement meaningless." *United States v. Monzon*, 359 F.3d 110, 117 (2d Cir. 2004) (quoting *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam)).

The parties do not dispute that Sherrill made a knowing, voluntary, and competent waiver of his appellate rights. Nor could they: the District Court clearly addressed the waiver at the time of Sherrill's plea, and Sherrill confirmed that he understood the rights he was giving up and that he was doing so voluntarily.[1] Here, Sherrill does not even acknowledge the waiver in his brief or argue that it is for some reason unenforceable.

On an independent review, there is nothing in the record to suggest that "the sentence was reached in a manner that the plea agreement did not anticipate," *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (per curiam) (citing *United States v. Liriano–Blanco*, 510 F.3d 168, 174 (2d Cir. 2007)), or that "enforcing [Sherrill's] waiver would violate . . . fundamental rights" that might void an appeal waiver. *Id.* at 238 (citing *Gomez–Perez*, 215 F.3d at 319). In the absence of such circumstances, any other errors, even if meaningful, "are insufficient to void an appeal waiver." *Riggi*, 649 F.3d at 147; *see also United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011) (appeal waiver precluded appellate review of district court's failure to follow procedural requirements related to the imposition of his sentence); *Arevalo*, 628 F.3d at 97 ("Because the conduct [defendant] challenges . . . was clearly part of the sentencing phase of [his] case, [defendant's] challenge is within the scope of his appeal waiver and is foreclosed."). Accordingly, we conclude that Sherrill's waiver of his appellate rights is enforceable and, in the circumstances presented here, forecloses him from appealing his sentence.

---

[1] At his plea hearing, Sherrill initially stated that he did not understand the appeal waiver when the district court referred to its threshold as 120 months. However, when the court rephrased its question, referring to the sentencing threshold as 10 years, Sherrill stated that he understood the waiver.

We have considered Sherrill's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, this appeal is **DISMISSED**.

                                                FOR THE COURT:
                                                Catherine O'Hagan Wolfe, Clerk