17-2829-cr
*United States v. Howell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                    17-2829-cr

                    v.

SHARMON HOWELL, AKA SHARMON WADE

                    *Defendant-Appellant,*

DAVID MOORE, JUNE PERSAUD, OSCAR ANCRUM,
AKA RED, AKA MANNY,

                    *Defendants.*

---

FOR APPELLEE:                          Amanda Kramer and Anna M. Skotko,
                                       Assistant United States Attorneys, *for*
                                       Geoffrey S. Berman, United States
                                       Attorney for the Southern District of New
                                       York, New York, NY

**FOR DEFENDANT-APPELLANT:**  Jamesa J. Drake, Drake Law, LLC, Auburn, ME

Appeal from an August 17, 2017 order of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Sharmon Howell ("Howell") appeals from an August 17, 2017 Order for Restitution (the "Restitution Order"), ordering him to pay $674,929.45 jointly and severally with his co-defendants. Howell had previously pleaded guilty to one count of bank and wire fraud in violation of 18 U.S.C. § 1349 and had been sentenced principally to 120 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Howell argues that the waiver of appeal contained in his plea agreement does not preclude him from challenging the timing and manner of the imposition of the Restitution Order. Further, Howell contends that the seven-year delay in the District Court's entry of the Restitution Order has caused him prejudice in violation of the Due Process clauses of the Fifth and Fourteenth Amendments.

Waivers of a right to appeal are typically valid and enforceable. *See United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013). As this Court has previously recognized, we will decline to enforce such a waiver only in exceptional situations, including particular circumstances in which "[1] the waiver was not made knowingly, voluntarily, and competently, [2] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, [3] when the government breached the plea agreement, or [4] when the sentencing court failed to enunciate any rationale for the defendant's sentence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations omitted).

The Government argues that this appeal should be dismissed because Howell waived his right to appeal the Restitution Order in his plea agreement. In the alternative, the Government requests that we affirm the Restitution Order because Howell had sufficient notice of the restitution that would be imposed and has not alleged any actual prejudice by the District Court's delay in the entry of the order.

We agree with the Government that Howell waived his right to challenge the Restitution Order by the terms of his plea agreement. Howell expressly agreed that he would not "appeal any order of restitution that is within or below the stipulated loss amount of $1,000,000 to $2,5000,000." App'x 38. The District Court's order of restitution in the amount of $674,929.45 plainly falls below

2

the stipulated loss amount. Indeed, the language of the agreement referring to "*any* order of restitution" (emphasis added) evinces a broad waiver. We therefore reject Howell's argument that this provision merely refers to an appeal challenging the amount, but not the manner or timing of restitution.

Howell also claims that a waiver of a right of appeal that precludes a challenge to the manner of the imposition of restitution is unenforceable as a matter of law. This contention has no basis in our jurisprudence. As the Government correctly notes, we have previously "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Gomez-Perez*, 215 F.3d at 319. During his sentencing, Howell stated under oath to the District Court that he had read and discussed his plea agreement with counsel, and specifically understood that the agreement contained a waiver of his right to file an appeal. *See* App'x 50-51. Moreover, there are no facts in the record before us to suggest that the circumstances of this case are at all analogous to any of those exceptions contemplated in *Gomez-Perez*.

Because we agree with the Government's position that Howell's plea agreement on its face contains an explicit waiver of a right to appeal the Restitution Order, we need not reach the remaining arguments regarding Howell's substantive challenge to the order itself.

## CONCLUSION

We have reviewed all of the arguments raised by Howell on appeal and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk