*United States v. Moore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

United States of America,
> *Appellee*,

> v.                                                                                    **19-723**

Stacy Calhoun, AKA Hauss,
> *Defendant*,

Lamar Moore, AKA Kane,
> *Defendant-Appellant*.

_____

FOR APPELLEE:                            MICHAEL D. LONGYEAR, (Jacob Warren, Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:       STEVEN YUROWITZ, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Lamar Moore appeals from his judgment of conviction, following a guilty plea pursuant to a plea agreement, for (1) possessing a weapon by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) engaging in unlicensed firearm trafficking, in violation of 18 U.S.C. § 922(a)(1)(A); and (3) trafficking in marijuana, in violation of 21 U.S.C. § 841(b)(1)(D). Moore was sentenced to 151 months' imprisonment and three years' supervised release. On appeal, Moore makes four principal challenges. We assume the parties' familiarity with the other underlying facts, the procedural history, and the arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

### A. Jurisdictional Challenge

Moore first argues that the district court lacked jurisdiction over the offense because the indictment failed to allege that he knew he was a felon. In *Rehaif v. United States*, the Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g)[,] . . . the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the

relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). Here, the indictment alleged only that Moore, "after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, a firearm." App'x 9.

But Moore's argument that the district court lacked subject matter jurisdiction was expressly rejected by this Court in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019). In *Balde*, we concluded that where, as here, the indictment closely tracks the language of the relevant statute, there is "little doubt that the indictment . . . *alleges* the violation of a federal criminal offense," even without specifically outlining the "knowingly" standard clarified in *Rehaif*. *Id.* at 89. As we further explained, "it is difficult to understand how an *indictment* that tracks the exact language of the statute, and that expressly charges that the defendant violated it, fails on its face to charge that the defendant committed a federal crime." *Id.* at 90. Moore points to no distinguishing factors between his case and *Balde* in this respect, and we find none. Accordingly, we find that *Balde* forecloses Moore's argument.

**B. Rule 11 Challenge**

Moore also argues that his plea was not voluntary and intelligent because the district court did not inform him of the statute's knowledge requirement. Under the Federal Rules of Criminal Procedure, the district court "must inform the defendant of, and determine that the defendant understands[,] . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). The Rules further mandate that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In doing so, the district court may "rely on the defendant's admissions and any other evidence placed on

3

the record at the time of the plea, including evidence obtained by inquiry of either the defendant or the prosecutor." *United States v. Robinson*, 799 F.3d 196, 199–200 (2d Cir. 2015). Because Moore did not raise his Rule 11 argument below, his claim "is reviewable only for plain error." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). To constitute plain error, the "appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Bastian*, 770 F.3d 212, 219–220 (2d Cir. 2014) (citations, internal quotation marks, and alterations omitted). To demonstrate that the "unpreserved Rule 11 failing" affected the defendant's substantial rights, the "defendant is obliged to show . . . that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Moore has not shown plain error, as the record is devoid of any evidence that he would have gone to trial had he been aware of the statute's knowledge requirement as later articulated in *Rehaif*. The parties agreed in the plea agreement that a two-point enhancement applied to Moore's criminal history calculation because he committed the instant offense while on parole from his last felony conviction – for which he spent eleven years in prison. In fact, Moore specifically acknowledged, under oath, that "[i]n March 2017 [he] possessed a firearm *knowing that [he] was a previously convicted felon*." App'x 49 (emphasis added). This case is thus quite different from *Balde*, in which "the nature of [the defendant's § 922(g)] status [as a possibly

4

unlawfully present alien] was hotly contested." 943 F.3d at 97. Accordingly, we decline to find

plain error. [1]

## C. Career Offender Guidelines

Moore next argues that he received ineffective assistance of counsel because his trial

attorney failed to argue that he was not a career offender for the purposes of section 4B1.1(a) of

the Guidelines. When faced with a claim of ineffective assistance on direct appeal, we may: "(1)

decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent

[petition] pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary

factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32,

39 (2d Cir. 2003). Ordinarily, "a motion brought under § 2255 is preferable to direct appeal for

deciding claims of ineffective assistance" because "a trial record [is] not developed precisely for

the object of litigating or preserving the [ineffective assistance] claim and [is] thus often

incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

We decline to decide Moore's claim given the limited record before us. Moore faults his

attorney's decision not to challenge his career offender calculation, but the attorney could very

well have had strategic reasons for that decision. Claims of this nature should not be addressed

---

[1] Moore contends in his reply brief that his challenge was "not that the district court violated Rule 11" but that it violated his "right to due process inasmuch as it accepted a plea from him that was not knowing and intelligent." Reply at 7. As an initial matter, Moore clearly did argue that his plea agreement was involuntary under Rule 11. *See, e.g.*, Moore Br. at 19. Regardless, because the substance of Moore's Rule 11 and due process claims are the same, we hold that the latter claim fails for the same reasons as outlined above. Put simply, contrary to Moore's assertions, his case does not raise the same due process concerns as *Bousley v. United States*, 523 U.S. 614 (1998), and does not concern the unknowing waiver of certain fundamental rights that the Supreme Court has suggested could not survive plain error review, *see United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004).

on direct appeal, except in highly unusual circumstances, without first allowing trial counsel the opportunity to explain his decision. *See Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998). We therefore dismiss Moore's claims of ineffective assistance of counsel without prejudice to renewal as part of a future petition under 28 U.S.C. § 2255.

### D. Additional Sentencing Challenges

Moore raises a number of additional challenges to his sentence. But it is well settled that where, as here, a defendant knowingly and voluntarily waives his right to appeal any sentence within a stipulated Guidelines range, he may not then appeal the sentence. *See, e.g.*, *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013); *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Moore agreed not to appeal or collaterally challenge any sentence within the stipulated Guidelines range of 84 to 188 months' imprisonment or the district court's determination regarding the applicability of section 4B1.1 of the Guidelines. Since the district court expressly explained the consequences of the waiver during the plea proceeding, Moore may not now challenge his sentence on appeal.[2]

We have reviewed the remainder of Moore's arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent Moore raises an additional ineffective assistance of counsel claim with respect to these issues, he may do so as part of a petition pursuant to 28 U.S.C. § 2255.

6